UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JESSIE CONWAY                                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO. 5:12CV-P200-R

RICKY PARNELL *et al.*                                                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Jessie Conway filed the instant action under 42 U.S.C. § 1983 alleging constitutional violations against the Fulton County Detention Center (FCDC) Jailer Ricky Parnell and other FCDC officers and staff. Because Plaintiff is proceeding without the prepayment of the filing fee, the Court must conduct an initial review of this matter pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Before the Court can conduct its initial review, however, the Court must address a number pending motions and other filings by Plaintiff.

*Motions to amend/add claims concerning FCDC only*

Plaintiff initiated this action on December 12, 2013, by filing a handwritten document on his own paper alleging constitutional violations while housed at FCDC. He subsequently filed a complaint on a Court-approved 42 U.S.C. § 1983 complaint form on February 6, 2013. The Court construes the second complaint as a motion to amend the complaint.

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within twenty-one days after serving the pleading or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the

"court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Upon review, **IT IS ORDERED** that the motion to amend (DN 4) is **GRANTED**.

Subsequent to the amended complaint, Plaintiff filed several additional motions in which he seeks to add claims concerning conditions at FCDC only (DNs 8, 10, 13, and 20). Upon review, **IT IS ORDERED** that the motions to amend (DNs 8, 10, 13, and 20) are **GRANTED** to the extent they assert new claims by Plaintiff concerning his incarceration at FCDC on his own behalf.

In one of those motions, however, Plaintiff also filed a motion seeking a hearing (DN 10). Because the initial review has not yet been conducted in this matter, a hearing is premature. Therefore, **IT IS ORDERED** that Plaintiff's motion for a hearing (DN 10) is **DENIED**.

*Motions seeking to add Plaintiffs*

Plaintiff also filed a motion "to prosecute, move court to add statement/affidavit . . . ." (DN 9). The motion indicates that Plaintiff filed it on his own behalf and on the behalf of another inmate, Roger E. Baize. Plaintiff filed another motion seeking to add approximately twenty-seven other inmates of FCDC as plaintiffs to this action (DN 12). To that motion, he attached a "power of attorney" signed by each of the other inmates. In addition, Plaintiff filed other filings which purport to add plaintiffs and/or claims on behalf of other inmates (DNs 27 and 28). The Court construes these filings as motions to add Plaintiffs and/or claims on behalf of other inmates, as well.

Plaintiff is the only person who signed the amended complaint and is therefore the only proper Plaintiff before the Court. Furthermore, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by

2

counsel . . . ." The statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Therefore, since Plaintiff is proceding *pro se*, he cannot bring claims on behalf of other inmates. Accordingly, **IT IS ORDERED** that Plaintiff's motions to add plaintiffs and/or claims on behalf of other inmates (DNs 9, 12, 27, and 28) are **DENIED**.

*Motion seeking class action status*

Furthermore, Plaintiff also filed a motion requesting the Court to "rule this as a class action lawsuit" (DN 7). Plaintiff is a *pro se* prisoner without legal training and is therefore not able to represent the proposed class adequately. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing Fed. R. Civ. P. 23; *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted)); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("No representative party was available because pro se prisoners are not able to represent fairly the class."); *Giorgio v. State of Tenn., Dep't of Human Servs. of Nashville and Jefferson Cnty.*, No. 95-6327, 1996 U.S. App. LEXIS 22574, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se

litigant."). Therefore, **IT IS ORDERED** that Plaintiff's motion seeking the Court to rule this case is a class action (DN 7) is **DENIED**.

*Motions seeking to add Defendants*

Plaintiff filed a number of motions seeking to add Defendants. In several of these motions (DNs 11, 12, 14, 15, and 16), he identifies the Defendants he seeks to add but does not state any factual allegations against them. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff states no factual allegations against the purported Defendants in the instant motions, **IT IS ORDERED** that Plaintiff's motions to add defendants (DNs 11, 12, 14, 15, and 16) are **DENIED**.

Similarly, Plaintiff filed a letter (DN 18) stating that he wished to "add [a summons] to the case[,]" which the Court construes as a motion. The summons was for Dr. Charles D. Paulius III. However, the letter states no factual allegations against Paulius. Therefore, **IT IS ORDERED** that Plaintiff's motion to add a summons (DN 18) is also **DENIED**.

*Motions seeking to add claims concerning other facilities*

Plaintiff also filed a motion seeking to add claims concerning his incarceration at the Grayson County Detention Center (DN 22). In that motion, he requested a federal investigation and audit into six jails: the Mason County Detention Center, FCDC, Graves County Jail, Rowan County Jail, Greenup County Detention Center, and Grayson County Detention Center. He states that these jails "are in violation of numerous accounts that rise to the level of racketeering under federal guidelines . . . " along with a variety of other allegations.

Plaintiff also filed a motion seeking to assert claims concerning "all Class D [] facilities in the state of Kentucky" (DN 9).  In three other filings (DNs 24, 25, and 26), Plaintiff states that he seeks a "cease and desist order" against "all Class D facilities in the state of KY[]."  He states that these facilities are in violation of state and federal statutes and Kentucky Department of Corrections policies.  He also seeks to add claims against a number of officers at various facilities.  In one of his filings (DN 24), along with his allegations against other "Class D facilities[,]" Plaintiff alleges that officers at Hopkins County Jail (HCJ) "utilize torture and humiliation on inmates[,]" deny medications, and that seven inmates have died in the last twelve months.  He makes allegations concerning the conditions at HCJ, including overcrowding, inmates sleeping on mats or the floor, and old and outdated lavatories.  The filing goes on to make a litany of claims concerning conditions at FCDC, Mason County Detention Center, Greenup County Detention Center, HCJ, Grayson County Detention Center, and Rowan County Detention Center and attaches summons forms for Defendants he wishes to add to this action.

In addition, Plaintiff filed other documents (DNs 28, 29, 30, and 31), in which he seeks to add a variety of claims concerning the conditions at HCJ.  While Plaintiff does not identify Defendants whom he wishes to sue and/or in what capacity he seeks to sue them, the Court construes these documents as motions to add claims concerning his incarceration at HCJ.

Federal Rule of Civil Procedure 20 provides as follows:

> Persons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Plaintiff's complaint and amended complaint concern his incarceration at FCDC. Plaintiff's claims concerning his confinement at other county jails other than FCDC are not properly joined under Fed. R. Civ. P. 20(a) since his claims concerning his incarceration at other facilities are not asserted jointly, severally, or "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(1)(A), as those stated in the amended complaint.  They involve different institutions and different policies and procedures and would require different witnesses.  Plaintiff therefore cannot join claims or defendants concerning any other facility other than FCDC in this action.  In addition, this Court does not have the authority to conduct or direct an investigation or audit of any of these institutions under these circumstances.

Therefore, **IT IS ORDERED** that the motions to add claims concerning facilities other than FCDC (DNs 9, 22, 24, 25, 26, 28, 29, 30, and 31) are **DENIED**.

However, this does not prevent Plaintiff from filing separate actions concerning his incarceration at other facilities should he choose to do so.  **The Clerk of Court is DIRECTED to send Plaintiff five § 1983 form packets should Plaintiff wish to initiate separate actions.**
*Motions seeking to add claims concerning FCDC*

Moreover, in Plaintiff's numerous filings and exhibits in which he states factual allegations concerning facilities other than FCDC, he also states factual allegations concerning his incarceration at FCDC, as well.  It appears to the Court that at least some of these claims reiterate allegations Plaintiff made in the amended complaint and subsequent amendments (DN 4, 8, 10, 13, and 20), although it is not entirely clear.

However, to the extent Plaintiff wishes to add new claims concerning FCDC, Plaintiff must file a motion to amend the complaint and a proposed amendment.  **The Clerk of Court is DIRECTED to send Plaintiff a § 1983 complaint form with the instant civil action number affixed** should Plaintiff wish to add new claims concerning his incarceration at FCDC.

Plaintiff is **INSTRUCTED** that he need not repeat claims previously alleged in his complaint and amendments.  Moreover, as stated in the § 1983 complaint form, Plaintiff is to state the facts of his case only.  <u>Plaintiff should not make legal arguments or cite cases or statutes</u>.

**Should Plaintiff wish to file a motion to amend to add any factual allegations concerning FCDC, Plaintiff shall do so within <u>30 days</u> of the entry date of this Order**.  No further amendments will be allowed.  The Court will conduct the initial review of this action at that time.

*Motion for preliminary injunctive relief*

Plaintiff also filed several documents (DNs 29, 30, and 31) stating that his life is in serious danger at the HCJ and stating that he seeks a transfer.  Because Plaintiff seeks immediate relief in the form of a transfer, the Court will construe these filings as motions for preliminary injunctive relief.  However, because HCJ officials are not proper Defendants to this action, **IT IS ORDERED** that the motions for preliminary injunction (DNs 29, 30, and 31) are **DENIED**.

This does not preclude Plaintiff from moving for injunctive relief should he file a separate action against officials at HCJ.

Date:

cc:     Plaintiff, *pro se*
4413.010