UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P200-R

JESSIE CONWAY                                                                  PLAINTIFF

v.

RICKY PARNELL *et al.*                                                  DEFENDANTS

**MEMORANDUM AND ORDER**

     Plaintiff Jessie Conway filed the instant action under 42 U.S.C. § 1983 alleging various constitutional violations by Defendants during his incarceration at the Fulton County Detention Center (FCDC). He filed an amended complaint (DN 4) and subsequently filed several additional motions to amend in which he sought to add claims concerning conditions at FCDC (DNs 8, 10, 13, and 20). By Memorandum Opinion and Order entered June 27, 2013 (DN 40), the Court granted those motions to amend. However, Plaintiff also filed a number of other motions including motions seeking to add Plaintiffs, to be granted class action status, to add claims concerning conditions at other facilities, and to be transferred. The Court denied those motions (DN 33), and Plaintiff filed an interlocutory appeal. Finding that it lacked appellate jurisdiction, the Sixth Circuit recently dismissed the appeal as to all claims, except for the motion for a transfer, which was construed as a motion for preliminary injunction. Plaintiff's appeal of the denial of the motion for preliminary injunction is pending.

     "It is well established that 'an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits.'" *Moltan Co. v. Eagle-Pitcher Indus.*, 55. F.3d 1171, 1174 (6th Cir. 1995) (citing 9 M.

Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3-54 (2d ed. 1989); *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992)). Accordingly, the Court will proceed with the action on the merits.

The Court must now conduct an initial review of the action pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court has granted five motions to amend the complaint (DNs 4, 8, 10, 13, and 20). To clarify the claims before the Court, **IT IS ORDERED** that Plaintiff file another motion to amend and a proposed amended complaint containing all claims that he wishes to pursue within **30 days** from the entry date of this Memorandum and Order. Plaintiff is reminded that he is permitted to assert claims <u>concerning only his incarceration at FCDC in this action and which he brings on his own behalf</u>. Any claims that pertain to his incarceration in any other facility or that he attempts to bring on behalf of any other individual will be dismissed.

**The Clerk of Court is DIRECTED to send Plaintiff a motion form and § 1983 complaint form with the instant civil action number affixed**. The Court will construe the proposed amended complaint as superceding the original complaint and all previous amendments.

Plaintiff is **INSTRUCTED**, as stated in the § 1983 complaint form, that he is to state the facts of his case only. <u>Plaintiff should not make legal arguments or cite cases or statutes</u>.

No further amendments will be allowed. Upon receipt of the proposed amended complaint, the Court will conduct initial review of this action.

2

**Plaintiff is WARNED that failure to comply with this Memorandum and Order in the time allotted will result in dismissal of the action for failure to comply with an order of this Court**.

Date:


cc: Plaintiff, *pro se*
4413.010