UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P200-R

JESSIE CONWAY                                                                       PLAINTIFF

v.

RICKY PARNELL *et al.*                                                  DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Jessie Conway initiated this civil action under 42 U.S.C. § 1983.[1] Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

The Clerk of Court sent a mailing to Plaintiff on November 21, 2013. That mailing was returned by the United States Postal Service marked "Return to Sender, Not Deliverable As Addressed, Unable to Forward." Plaintiff has not advised the Court of a change of address. Moreover, while Plaintiff's appeal of the denial of his motion for preliminary injunction remains pending in the Sixth Circuit Court of Appeals, a review of the docket in the Sixth Circuit does

---

[1]Plaintiff has an appeal pending before the Sixth Circuit regarding the denial of his motion for a preliminary injunction. This Court nevertheless may decide Plaintiff's case on the merits. "'[A]n appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits.'" *Molton Co. v. Eagle-Picher Indus.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (quoting 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice para. 203.11, at 3-54 (2d ed. 1989)). Therefore, this Court retains jurisdiction over the merits of the case and may dismiss the case, if appropriate. *See Branham v. Spurgis*, 720 F. Supp. 605, 607 n.2 (W.D. Mich. 1989).

not reveal any other address of record for Plaintiff.  Therefore, neither notices from the Court nor filings by Defendants in this action can be served on Plaintiff.  In such situations, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  Because it appears to this Court that Plaintiff has abandoned any interest in prosecution of this case, the Court will dismiss the case by separate Order.

Date:

cc: Plaintiff, *pro se*
 Fulton County Attorney
4413.010